1 Kevin R. Sutherland (State Bar No.: 163746)
CLYDE & CO US LLP
2 505 Montgomery Street, 10th Floor
San Francisco, California 94111
3 Telephone: (415) 365-9800
Facsimile: (415) 365-9801
4 Email: kevin.sutherland@clydeco.us

5 Attorneys for Defendant
VIRGIN ATLANTIC AIRWAYS LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE KAGAN | Case No. C 08-03082 JL |
| Plaintiff, | ANSWER OF VIRGIN ATLANTIC AIRWAYS LIMITED TO PLAINTIFF'S COMPLAINT |
| vs. | |
| VIRGIN ATLANTIC AIRWAYS, LIMITED, | |
| Defendants. | |

Virgin Atlantic Airways Limited (hereinafter "Virgin Atlantic"), by its attorneys, Clyde & Co US LLP, hereby answers plaintiff's complaint as follows.

**AS TO THE ALLEGATIONS REGARDING THE PARTIES**

1.  As to the allegations in paragraph 1 of plaintiff's complaint, Virgin Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on this basis, denies said allegations.

2.  As to the allegations in paragraph 2 of plaintiff's complaint, Virgin Atlantic denies said allegations, except admits that it is an airline organized and

existing under the laws of the United Kingdom and that it does business within the Northern District of California.

3. As to the allegations in paragraph 3 of plaintiff's complaint, Virgin Atlantic denies said allegations, except admits that it is in the business of transporting passengers for hire and has been issued a Foreign Air Carrier permit.

**AS TO THE ALLEGATIONS REGARDING JURISDICTION AND VENUE**

4. As to the allegations in paragraph 4 of plaintiff's complaint, Virgin Atlantic denies said allegations, except admits that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. Section 1331 as it arises under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003), reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734, commonly and hereinafter referred to as the Montreal Convention.

5. As to the allegations in paragraph 5 of plaintiff's complaint, Virgin Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on this basis, denies said allegations.

6. As to the allegations in paragraph 6 of plaintiff's complaint, Virgin Atlantic denies said allegations.

**AS TO THE GENERAL ALLEGATIONS**

7. As to the allegations in paragraph 7 of the complaint, Virgin Atlantic denies said allegations, except admits that plaintiff was travelling pursuant to a passenger ticket providing roundtrip transportation to and from San Francisco, with intermediate stopping places in London and Nairobi and that the Montreal Convention governs the rights and liabilities of the parties to this action.

8. As to paragraphs 8, 9, 10, 11 and 12 of plaintiff's complaint, Virgin Atlantic is without knowledge or information sufficient to form a belief as to the

truth of these allegations and, on this basis, denies said allegations.

## AS TO THE FIRST CAUSE OF ACTION

9. As to paragraph 13 of plaintiff's complaint, Virgin Atlantic denies said allegations, except admits that it is a common carrier for hire.

10. As to paragraphs 14, 15 and 16 of plaintiff's complaint, Virgin Atlantic denies said allegations.

## FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

11. Plaintiff's complaint is barred because it fails to allege facts sufficient to state a cause of action against Virgin Atlantic upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

12. Plaintiff's complaint is barred because plaintiff lacks the standing and/or capacity to bring this action.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

13. Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than Virgin Atlantic; however, in the event a finding is made that liability exists on the part of Virgin Atlantic, Virgin Atlantic is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

//
//
//

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

14. Plaintiff's complaint is barred by plaintiff's failure to take reasonable steps to mitigate her damages, if any.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

15. Plaintiff's damages, if any, are barred because plaintiff knowingly, voluntarily and freely assumed the risk of all activities alleged in plaintiff's complaint.

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

16. The injuries and damages allegedly suffered by plaintiff were caused by intervening and superseding causes and not caused by Virgin Atlantic.

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

17. Plaintiff's claims are barred because plaintiff failed to exercise reasonable and ordinary care to avoid an obvious danger to the extent such a danger existed.

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

18. Plaintiff's complaint is barred by any and all applicable statutes of limitations.

//
//

## NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

19. The incident and damages alleged in the complaint, if occasioned by fault, are attributable to the conduct of third persons or entities over whom Virgin Atlantic had no control at any time relevant thereto.

## TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

20. The injuries plaintiff alleges she sustained were the result of an Act of God for which Virgin Atlantic was not and is not responsible and was not caused or contributed by the acts or omissions of Virgin Atlantic.

## ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

21. The liability of Virgin Atlantic, if any, with respect to plaintiff's alleged damages is limited or excluded in accordance with Virgin Atlantic's conditions of carriage, conditions of contract and/or the provisions of Virgin Atlantic's passenger rules and fares tariffs.

## TWELFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

22. The rights and liabilities of the parties in this action are exclusively governed by the Montreal Convention. The liability of Virgin Atlantic, if any, is limited or excluded in accordance with the provisions of the Montreal Convention, including, but not limited to:

    a.    Article 17 of the Montreal Convention in that plaintiff's alleged injuries were not caused by an "accident;"

    b.    Article 20 of the Montreal Convention in that, in the event

Virgin Atlantic is found liable for plaintiff's alleged injuries pursuant to Article 17 of the Montreal Convention, Virgin Atlantic is entitled to be wholly or partially exonerated from such liability; and

   c. Article 21 of the Montreal Convention in that, in the event that Virgin Atlantic is found liable for plaintiff's injuries under Article 17 of the Montreal Convention, Virgin Atlantic's liability is limited to 100,000 Special Drawing Rights.

## THIRTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

23. The incident alleged in the complaint, and the damage that plaintiff alleges she sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Virgin Atlantic; however, in the event that a finding is made that negligence exists on the part of Virgin Atlantic, which proximately contributed to plaintiff's damages alleged in the complaint, Virgin Atlantic's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative fault or negligence of such other persons or entities contributed to the happening of the alleged incident and damages upon which plaintiff seeks recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

24. Venue is improper in California under the doctrine of *forum non conveniens*.

## FIFTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

25. Plaintiff's claims relating to rates, routes and/or services provided by

Virgin Atlantic are expressly preempted by 49 U.S.C. § 41713.

### RULE 44.1 NOTICE

26. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Virgin Atlantic hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, Virgin Atlantic Airways Limited prays for judgment as follows:

1. That plaintiff take nothing by reason of her complaint and for judgment in favor of Virgin Atlantic Airways Limited;

2. That Virgin Atlantic Airways Limited be awarded costs of suit incurred herein; and

3. For such other and further relief as the court deems just and proper.

Dated: July 22, 2008CLYDE & CO US LLP

By: _____
KEVIN R. SUTHERLAND
Attorneys for Defendant
VIRGIN ATLANTIC AIRWAYS LIMITED